UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSVALDO MUNOZ, *on behalf of himself, FLSA Collective Plaintiffs, and the Class*,

                Plaintiff,

-against-

THE GROUP US MANAGEMENT LLC
    d/b/a THE GROUP NYC,
LA GRANDE BOUCHERIE LLC
    d/b/a LA GRANDE BOUCHERIE
    d/b/a KAISEKI ROOM,
OLIO RESTAURANTS LLC
    d/b/a OLIO E PIU,
and EMIL STEFKOV,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/4/2024

1:22-cv-04038 (MKV)

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**

MARY KAY VYSKOCIL, United States District Judge:

    The Court previously issued a Memorandum Opinion and Order granting in part and denying in part Defendants' motion to dismiss Plaintiffs' First Amended Complaint. [ECF No. 33 (the "MTD Order"); *see* ECF No. 22 ("FAC")]. Plaintiff now moves for reconsideration of the MTD Order insofar as it granted Defendants' motion to dismiss Plaintiff's claim that Defendants claimed an invalid tip credit. *See* MTD Order 8–9. [ECF No. 38 ("Pl. Mem.")]. Defendants oppose the motion. [ECF No. 40 ("Def. Opp.")]. Plaintiff filed a reply in further support of the motion. [ECF No. 41].

    "Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (internal quotation marks omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). Rule 60(a) of the Federal Rules of Civil Procedure, under which Plaintiff also moves, provides that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

Plaintiff argues that the dismissal in the MTD Order of Plaintiff's invalid tip credit claim must be reversed on reconsideration as a clear error or mistake arising from oversight, because the Court simultaneously upheld Plaintiff's improper tip retention claim. *See* Pl. Mem. 3–4. The Court finds that Plaintiff is correct and that Plaintiff adequately alleges an invalid tip credit claim.

In the MTD Order, the Court explained the restrictions on when an employer may utilize a tip credit. "To claim a tip credit, employers must provide employees with notice of the tip credit and must allow tipped employees to keep all of their tips—even if those tips surpass the minimum wage." MTD Order 7 (citing 29 U.S.C. § 203(m)(2)(A), (B)). These requirements are "strictly constru[ed]" in this District. *Id.* (quoting *Hernandez v. Jrpac Inc.*, No. 14 CIV. 4176 (PAE), 2016 WL 3248493, at *25 (S.D.N.Y. June 9, 2016)). In addition, "if an employee 'spends more than twenty percent of his . . . workweek performing non-tipped work,' the employer is not entitled to claim a tip credit." *Id.* (quoting *Islam v. BYO Co. (USA)*, No. 16-CIV-927, 2017 WL 2693717, at *4 (S.D.N.Y. June 20, 2017)).

In dismissing Plaintiff's invalid tip credit claim, the Court focused on paragraph 35 of the FAC, which merely recites, in conclusory fashion, factors that render a tip credit invalid, with no specific reference to Plaintiff's work. *See* MTD Order 8 (quoting FAC ¶ 35). The Court also considered paragraph 36 of the FAC, in which Plaintiff additionally pleads that Defendants "caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the

total hours worked each week." MTD Order. 8–9. The Court nonetheless concluded that such allegations were insufficient to state the claim, because the allegations do not specify who completed the tasks, or for what period of time. *See* MTD. Order 9 (quoting FAC ¶ 36).

Later in the MTD Order, when denying Defendants' motion to dismiss Plaintiff's improper tip retention claim, the Court found that elsewhere in the FAC, Plaintiff "plausibly alleges facts suggesting that Defendants improperly retained tips." MTD Order. 10 (quoting FAC ¶ 37). This finding, standing alone, is sufficient to uphold Plaintiff's invalid tip credit claim despite Plaintiff's other, sparse, allegations, because a predicate to an employer's maintenance of a valid tip credit— which this Court strictly construes—is that "all tips received by such employee have been retained by the employee." 29 U.S.C. § 203(m)(2)(A). Although an employer is not required to pass on all tips to employees if it maintains a tipping pool "among employees who customarily and regularly receive tips," a tipping pool is invalid if it includes non-tipped employees such as managers. 29 U.S.C. § 203(m)(2)(A); *see* MTD Order 7 (citing *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 240 (2d Cir. 2011)). Plaintiff's allegations that his "weekly tip amounts did not vary" and that he received "a flat payment in lieu of the actual gratuities earned," FAC ¶ 37, plausibly imply that Defendants' managers improperly participated in the tipping pool. On a motion to dismiss, this inference should be drawn in Plaintiff's favor. *See Kinsey v. New York Times Co.*, 991 F.3d 171, 174 (2d Cir. 2021). Indeed, Defendants acknowledge that "the Court . . . found that Plaintiff plausibly alleged that managers improperly participated in the tip pool." Def. Opp. 4.

Accordingly, because Plaintiff plausibly alleges facts suggesting that Defendants improperly retained his earned tips, Plaintiff, at this stage of the proceedings, plausibly alleges that Defendants claimed an invalid tip credit. Plaintiff's motion for reconsideration is GRANTED and

the Court's MTD Order is modified as set forth herein. Plaintiff's invalid tip credit claim may proceed in this litigation. The Clerk of Court is respectfully requested to terminate the motion pending at ECF No. 38.

**SO ORDERED.**

Date: October 4, 2024
New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**