UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSVALDO MUNOZ, ET AL.,

                    Plaintiffs,

      -v-

THE GROUP US MANAGEMENT LLC, ET AL.,

                    Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/1/2024
```

**ORDER**

22-CV-4038 (MKV) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

    By an Order of Reference dated October 4, 2024, this case was referred to a Magistrate Judge for Specific Non-Dispositive Disputes, including two discovery disputes pending at ECF Nos. 64 and 68, and a motion for conditional collective certification pending at ECF No. 57.  ECF No. 74.  On October 7, 2024, this referral was reassigned to me.

    Based on the Court's review of the docket, it appears that the issues raised in the referred discovery letters may have been resolved, rendering these two outstanding motions moot.  In a June 10, 2024 Letter Motion, Plaintiffs raised two disputes: (1) Defendants had not yet produced class sampling data, and (2) Defendants had not yet provided deposition dates for their witnesses.  ECF No. 64.  In a response letter dated June 11, 2024, Defendants stated that (1) Defendants anticipated production of class sampling data by June 18, 2024, and (2) Defendants anticipated providing deposition dates for their witnesses by June 14, 2024.  ECF No. 65.  On July 1, 2024, Plaintiffs filed a second Letter Motion asserting that

Defendants had still not produced class sampling data. ECF No. 68. Plaintiffs did not raise any continuing dispute over outstanding deposition dates for Defendants' witnesses. On July 3, 2024, Defendants responded that they had produced class sampling data on July 1, 2024. ECF No. 69.

While it is not entirely clear from the docket, these filings suggest the possibility that the specific disputes raised in ECF Nos. 64 and 68 have been resolved. The parties are directed to file a joint status letter by November 8, 2024, in which they describe their respective positions on whether (1) Defendants produced the class sampling data at issue in the Letter Motions at ECF Nos. 64 and 68, and (2) Defendants provided deposition dates for their witnesses as described in ECF No. 65. If the parties contend that any issue raised in ECF Nos. 64 or 68 remains to be resolved, they should describe the remaining dispute in the joint status letter. This request for a joint status letter on these Letter Motions should not be construed as an invitation to address new disputes that were not the subject of ECF Nos. 64 and 68.

Additionally, the joint status letter should describe the parties' respective positions on whether the filing of the Second Amended Complaint, ECF No. 80, moots Plaintiffs' currently pending motion for conditional collective certification, ECF No. 57, and if not, whether the Court should decide the pending motion for conditional collective certification with reference to the Second Amended Complaint. *See Edwards v. ServiceMaster Co., LLC, et al.*, Case No. 20-cv-6124-VSB, 2021 WL 266549 (Jan. 26, 2021).

## CONCLUSION

The parties are directed to file a joint status letter by November 8, 2024, addressing these questions regarding the pending motions referred to the undersigned.

**SO ORDERED.**

Dated: November 1, 2024
      New York, New York

Henry J. Ricardo
United States Magistrate Judge