```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSVALDO MUNOZ, ET AL.,

                Plaintiffs,

      -v-

THE GROUP US MANAGEMENT LLC, ET AL.,

                Defendants.

**ORDER**

22-CV-4038 (MKV) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

Plaintiffs are restaurant workers who assert various claims against their former employers under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law.  This Order addresses two letter motions, filed at ECF Nos. 64 and 68, seeking to compel Defendants to provide certain discovery.  More specifically, Plaintiffs seek the production of certain class sampling data, which was addressed in an order entered by Judge Vyskocil on May 14, 2024, deposition dates for defense witnesses, and ESI hit reports.  For the reasons set forth below, Plaintiffs' Letter Motion to Compel, ECF No. 64, and Second Letter Motion to Compel, ECF No. 68, are each DENIED as moot.

I.        **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs assert claims for unpaid wages due to an invalid tip credit, time-shaving, unpaid call-in pay, and illegally retained gratuities.  Second Amended Complaint ("SAC"), ECF No. 80 at ¶¶ 1-2.  Additionally, Plaintiffs seek liquidated

1

damages and attorneys' fees and costs. *Id.* Defendants own and operate restaurants in New York City that employed Plaintiffs. *Id.* at ¶¶ 7, 14, 34, 39.

On June 10, 2024, Plaintiffs moved to compel Defendants to produce class sampling data and deposition dates for defense witnesses. ECF No. 64. Defendants filed their letter in opposition on June 11, 2024. ECF No. 65. On July 1, 2024, Plaintiffs moved to compel Defendants to produce class sampling data and ESI hit reports. ECF No. 68. Defendants filed their letter in opposition on July 3, 2024. ECF No. 69. These two letter motions were referred to Magistrate Judge Parker on October 4, 2024, ECF No. 74, and this referral was reassigned to me on October 7, 2024.[1]

By Order dated November 1, 2024, the parties were directed to file a joint status letter describing their respective positions on whether there are any issues raised in these two letter motions that remain to be resolved. ECF No. 89 at 2. The November 1 Order explained that, based on the Court's review of the docket, it appeared that these letter motions might be moot. *Id.* at 1. The Court advised that the request for a joint status letter "should not be construed as an invitation to address new disputes that were not the subject of ECF Nos. 64 and 68." *Id.* at 2.

On November 8, 2024, the parties filed their joint status letter, taking opposing positions as to whether any live dispute remains from the two referred

---

[1] The Order Referring Case to Magistrate Judge, ECF No. 74, also referred Plaintiffs' May 24, 2024 Motion for Conditional Collective Certification, ECF No. 57. The Motion for Conditional Collective Certification will be addressed separately.

2

letter motions. ECF No. 90. For the reasons discussed below, these two discovery motions are DENIED as moot.

## II. ANALYSIS

### A. Plaintiffs' Letter Motion to Compel (ECF No. 64)

On June 10, 2024, Plaintiffs filed a letter motion requesting that the Court compel Defendants (1) to produce outstanding class sampling and (2) to provide deposition dates for Defendants' witnesses. ECF No. 64.

#### 1. Class Sampling

The June 10 letter motion describes the "outstanding class sampling" as "a sampling of time sheets, wage statements, tip records, and wage notice forms for the 10% of prospective class members employed by Defendants at the *three restaurants included in the Complaint*." ECF No. 64 at 1 (emphasis added). This description is consistent with what Judge Vyskocil had directed Defendants to produce on May 14, 2024. ECF No. 53 at 1 (ordering Defendants to produce a sampling "across the three restaurants included in the Complaint").

In the joint status letter, Plaintiffs assert that this dispute has not been resolved because, although Defendants produced sampling data "for the locations in the First Amended Complaint," they have not produced sampling data "for locations listed in the Second Amended Complaint." ECF No. 90 at 1. But Plaintiffs' letter motion raised a dispute only as to the three locations included in the First Amended Complaint, ECF No. 64 at 1. Further, the SAC had not been filed at the time of the letter motion and did not become the operative complaint until October 10, 2024, four months after Plaintiffs raised this dispute.

Because Plaintiffs acknowledge that Defendants produced sampling for the three locations at issue in their letter motion, this dispute is moot.

### 2. Deposition Dates

Plaintiffs' first letter motion also sought to compel deposition dates for defense witnesses. ECF No. 64 at 1. In the joint status letter, Defendants state that these "depositions were conducted in July and August 2024." ECF No. 90 at 2. Plaintiffs do not dispute that these depositions have already occurred. As such, this dispute is moot.

### B. Plaintiffs' Second Letter Motion to Compel (ECF No. 68)

On July 1, 2024, Plaintiffs filed a second letter motion to compel Defendants' production of sampling data and "ESI hit reports." ECF No. 68 at 1. This letter motion also requested sanctions for failing to produce the sampling data that was the subject of ECF No. 64. ECF No. 68 at 1-2.

As discussed above, any dispute over the class sampling addressed in Plaintiffs' first letter motion is now moot. The parties' recent joint status letter makes no mention of Plaintiffs' earlier request for sanctions, and it appears that there is no need for the imposition of sanctions at this point.

As for the ESI hit reports, Plaintiffs' letter motion claims that "[t]he hit reports were due by June 12 (two weeks following the parties agreeing on revised search terms and custodians)." *Id.* at 1. In response, Defendants state that they produced an ESI hit report on July 1, 2024. ECF No. 69 at 1. In the parties' joint status letter, Plaintiffs do not dispute that the "ESI hit reports" at issue in their second letter motion were produced. Instead, Plaintiffs contend that "[p]roduction

4

of ESI still remains outstanding." ECF No. 90 at 1.  Production of a hit report is very different from production of the underlying ESI hits themselves. Plaintiffs' second letter motion did not seek to compel production of *the ESI itself*, but instead was directed to production of an ESI hit report, which presumably would indicate how many documents were located through application of ESI search terms.  ECF No. 68 at 1.

In the joint status letter, Plaintiffs refer to a "revised hit report from the narrower list" involving six search terms and four custodians.  ECF No. 90 at 1-2.  Plaintiffs do not specify how or when any request for a revised hit report was made, stating only that "Plaintiffs limited the request for ESI" following the May 14, 2024, status conference.  *Id.* at 1.  In contrast, Defendants state that Plaintiffs first requested a narrower ESI hit report in a draft of the November 8 joint status letter, long after Plaintiffs' second letter motion was filed.  *Id.* at 2.

Because Plaintiffs' second letter motion raised a dispute regarding the original ESI hit report and not a narrower hit report (which appears not to have been requested until several months after the second letter motion was filed) or the ESI itself, this dispute is moot.

## CONCLUSION

For the reasons discussed above, Plaintiffs' Letter Motion to Compel, ECF No. 64, and Second Letter Motion to Compel, ECF No. 68, are each DENIED as moot.  The new disputes that Plaintiffs describe in the joint status letter at ECF No. 90 were not raised in the two letter motions referred to me.  Any new disputes,

5

including any disputes that Plaintiffs described in the joint status letter, should be raised separately after the parties meet and confer.

The Clerk of Court is respectfully directed to terminate the open motions at ECF Nos. 64 and 68.

**SO ORDERED.**

Dated: November 18, 2024
New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge