```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/11/2025_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSVALDO MUNOZ, ET AL.,

                    Plaintiffs,

           -v-

THE GROUP US MANAGEMENT LLC, ET AL.,

                    Defendants.

**ORDER**

22-CV-4038 (MKV) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

On January 17, 2025, Defendants filed a Motion for Reconsideration of the Court's January 6, 2025 Memorandum and Order granting in part and denying in part the Motion for Collective Certification. ECF No. 109. Additionally, by Letter dated January 28, 2025, Plaintiffs submitted a revised Notice and Consent to Sue ("Revised Notice") for approval. ECF No. 114. For the reasons stated below, Defendants' Motion for Reconsideration, ECF No. 109, is **DENIED** and the Revised Notice, ECF No. 114-1, is **APPROVED**.

## DISCUSSION

### I. Motion for Reconsideration

The Court previously issued a Memorandum and Order granting in part and denying in part Plaintiffs' Motion for Conditional Collective Certification. *See* ECF No. 103 (the "January 6 Order"). Defendants now move for reconsideration of the January 6 Order with respect to the notice period for tipped employees at La Grande Boucherie and Petite Boucherie (collectively, the "Primary Locations").

1

ECF Nos. 109–10.  Plaintiffs oppose the motion.  ECF No. 116.  Defendants did not file a reply in further support of their motion.

"Reconsideration of a previous order by the court is an extreme remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (cleaned up).  "A motion for reconsideration should be granted only when the defendant identified an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (cleaned up).  Federal Rule of Civil Procedure 60(a) also provides that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. Fed. R. Civ. P. 60(a).

Defendants argue that defining the notice period for putative plaintiffs as beginning three years from the date that this action was filed was an oversight that warrants correction.  ECF No. 110 at 4.  Upon consideration of Defendants' motion, this was not a mistake resulting from oversight or omission that would warrant a correction.

In the January 6 Order, the Court ordered Defendants to produce potential opt-in plaintiff information "for tipped employees who worked at the Primary Locations on or after May 17, 2019—three years prior to the date when this action was filed."  January 6 Order at 24.  The Court acknowledged that the statute of

limitations for willful violations under the Fair Labor Standards Act ("FLSA") is three years, *id.*, and "continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form opting into the suit. *Id.* at 29 (quoting *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011)) (cleaned up). While the Court recognized that "equitable tolling of the statute of limitations may be warranted to avoid 'inequitable circumstances,'" *id.* (quoting *Jackson v. Bloomberg L.P.*, 298 F.R.D. 152, 170 (S.D.N.Y. 2014)), it found that blanket equitable tolling was not appropriate in this case and that any later application for equitable tolling would be considered on an individualized basis. *Id.* at 30.

Defining the notice period as "three years prior to the date when this action was filed," *id.* at 24, was therefore reasonably calculated to reach putative plaintiffs whose claims may now be time-barred but who could have individualized arguments for equitable tolling.[1] Further, "Defendants will not be prejudiced by a potentially over-inclusive notice—they will have an opportunity to identify untimely claims once the factual record is developed." *Alvarado Balderramo*, 2017 WL 2533508, at *6.

---

[1] Plaintiffs point to numerous cases in this Circuit that have taken the same approach. *See* ECF No. 116 at 6–7. Defendants have also cited additional cases in which no equitable tolling was granted, and the notice period was calculated from the date when the action was filed. *See* ECF No. 63 at 18 (citing *Alvarado Balderramo v. Taxi Tours Inc.*, No. 15-CV-2181 (ER), 2017 WL 2533508 (S.D.N.Y. June 9, 2017); *Zhao v. Surge Priv. Equity LLC*, No. 22-CV-7314 (KPF), 2023 WL 3477591 (S.D.N.Y. May 16, 2023).

Accordingly, because the Court finds that the notice period was reasonably defined and was not a mistake due to oversight or omission, Defendants' Motion for Reconsideration is **DENIED**.

## II.    Revised Notice

Within Plaintiffs' Motion for Conditional Collective Certification, Plaintiffs also moved for approval of the content and distribution plan for notice to be sent to putative plaintiffs.  The Court found that certain revisions to the notice were necessary before approval and directed the parties to prepare and submit the Revised Notice, incorporating the Court's rulings.  January 6 Order at 31.  By Letter dated January 28, 2025, Plaintiffs submitted the Revised Notice, ECF No. 114, and Defendants put forth no objections.  Based upon the Court's review, the Revised Notice is **APPROVED** in the form submitted at ECF No. 114-1.

Plaintiffs are directed to promptly finalize and transmit the Revised Notice, in English and Spanish, to all current and former front of house tipped employees who worked the Primary Locations on or after May 17, 2019, by mail, email, and/or text message.  Counsel shall not contact any individual more than twice during the 60-day opt-in period via any one channel of communication.  (For example, an employee whose street address and email address are known may be contacted a maximum of two time by mail *and* two times by email.)  Plaintiffs shall advise the Court by letter as to the date on which the Revised Notice was first transmitted to potential opt-in plaintiffs and the opt-in deadline (60 days later) specified in the Revised Notice.

Defendants shall promptly post the Revised Notice, in English and Spanish, in a location easily accessible during regular business hours by front of house tipped employees at the Primary Locations, and shall advise the Court by letter as to the date on which the Notice was first so posted.

## CONCLUSION

The Clerk of Court is respectfully directed to terminate the open Motion at ECF No. 109 as **DENIED**.

The Revised Notice is **APPROVED** in the form submitted at ECF No. 114-1. Plaintiffs shall advise the Court by letter as to the date on which the Revised Notice was first transmitted to potential opt-in plaintiffs and the opt-in deadline (60 days later) specified in the Revised Notice. Defendants shall advise the Court by letter as to the date on which the Notice was first posted at the Primary Locations.

**SO ORDERED.**

Dated: February 11, 2025
       New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge